UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT WILLIAMSON,      CASE NO.: 1:11-CV-828

    Plaintiff,      Barrett, J.
     Litkovitz, M.J.
v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"). (Doc. 14). The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. (Doc. 14 at 16); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff has filed objections to the Report. (Doc. 16). This matter is now ripe for review.

## I.    BACKGROUND

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here. However, the most basic facts are as follows. Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental insurance income ("SSI") in January 2009, alleging disability since December 15, 2008 due to epilepsy, chronic gout and mental problems. His applications were denied initially and upon reconsideration. Plaintiff requested a *de novo* hearing before the ALJ, which was

1

granted. Following the hearing, the ALJ issued a decision on March 25, 2011 denying Plaintiff's DIB and SSI applications. In rendering her decision, the ALJ assigned "little weight" to the opinions of Plaintiff's treating psychiatrist, Joseph Cresi, M.D., and his treating neurologist, Michael Privitera, M.D., for reasons set forth in her decision. (Tr. 9-26). The ALJ gave greater weight to the state agency reviewing psychologists. (*See id.*) Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied. (Tr. 4-6). That denial made the ALJ's decision the final administrative decision of the Commissioner. (*See id.*)

Plaintiff filed his Complaint in this action on November 23, 2011. (Doc. 1). His Statement of Specific Errors was filed on April 9, 2012 with the response thereto being filed on April 30, 2012. (Docs. 12, 13). On January 9, 2013, the Magistrate Judge issued her Report recommending that the Commissioner's decision to deny Plaintiff's application for DIB and SSI be affirmed. (Doc. 14, pp. 1, 15). Plaintiff asserted one general objection to the Magistrate Judge's Report, which he supported with arguments as to three more specific objections. (Doc. 16).

## II. ANALYSIS

### A. Standards of Review

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General

2

objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A court's review of the Social Security Commissioner's decision is limited in scope by 42 U.S.C. § 405(g). As noted by the Magistrate Judge, such review involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley*, 581 F.3d at 406 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). The substantial evidence standard presupposes that "'there is a zone of choice within which the [ALJ] can go either way, without interference by the courts.'" *Id.* (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley*, 581 F.3d at 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

As noted by the Magistrate Judge, there are certain standards that an ALJ must follow in assessing the medical evidence relating to a claim for disability benefits. (Doc.14, pp. 6-7). Specifically, there are standards by which the opinions of a treating

physician and a non-treating physician should be assessed. (*Id.*) As those standards have been comprehensively and correctly set forth by the Magistrate Judge, they are fully incorporated here. (*Id.*)

### B. Objections

Plaintiff asserts the following general objection to the Magistrate Judge's Report: "The ALJ erred in her assessment of the opinion of Plaintiff's treating physician in violation of 20 CFR 404.1527(c) and 416.927(c), and Social Security Ruling 96-2p (1996)." (Doc. 16, p. 1). That is virtually the same general objection asserted by Plaintiff in her Statement of Specific Errors, which already was comprehensively addressed by the Magistrate Judge. (*See* Doc. 12, p. 1; Doc. 14, pp. 1-15). However, Plaintiff also sets forth three specific objections, which are: (1) the Magistrate Judge and the ALJ failed to consider the school reports and childhood psychological evaluations in assessing the opinion of Dr. Cresci; (2) Plaintiff's earning record is consistent with the opinions of treating physicians Dr. Cresci and Dr. Privitera that Mr. Williamson was unable to maintain full-time employment due to his alleged impairments; and (3) Dr. Chiappone's conclusions are inconsistent with his own mental status examination findings that Plaintiff remembered 0 of 3 objections with a 5 minute delay, which suggests more than a mild impairment in remembering simple one and two-step tasks. (Doc. 16, pp. 2- 3). Having considered those purported errors both individually and collectively, the Court finds that the ALJ's determination to afford "little weight" to the opinions of Dr. Cresci and Dr. Privitera is supported by substantial evidence. Accordingly, for the reasons that follow and the reasons set forth in the Magistrate Judge's Report, the decision of the Commissioner is affirmed.

**Objection One**

As to Plaintiff's first specific objection, he contends that the Magistrate Judge and the ALJ should have considered records from the Cincinnati Center for Developmental Disorders and Children's Hospital Medical Center Division of Developmental Disorders, which contain statements as to Plaintiff's conditions that are consistent with Dr. Cresci's September 2009 opinion. (Doc. 16, p. 2) (citing Tr. 376-84; Tr. 366-69). However, that precise record evidence indeed was considered by the Magistrate Judge in evaluating whether the ALJ's determination was supported by substantial evidence as shown by the following:

> Although Dr. Cresci's files include objective and clinical evidence from other sources, these reports predate Dr. Cresci's September 2009 opinion of disability by some 15 to 20 *years*. This evidence includes: . . . (3) a September 1993 psychological evaluation showing plaintiff functioned in the low average range of intelligence and exhibited immaturity, hostile withdrawal, and hyperactive behavior demonstrative of attention deficit hyperactivity disorder and anti-social behaviors, but within the normal range of aggressive and delinquent behaviors (Tr. 366-69); . . . (5) a December 1993 report from Dr. Charvat including her opinion that plaintiff had "confirmed behavioral and social adaptive delays, but showed cognitive and achievement abilities to be within the low normal range," low normal adaptive functioning skills, and a "good" prognosis for continued learning (Tr. 378-84) . . . .

(*See* Doc. 14, pp. 9-10). Ultimately, the Magistrate Judge concluded that "[w]hile it is not improper for a doctor to rely on tests and findings of other physicians, this evidence does not support Dr. Cresci's opinion that plaintiff's mental and mood impairments preclude his ability to work given the remoteness in time between these clinical and objective findings and Dr. Cresci's 2009 opinion." (*Id.* at 10). Therefore, the Magistrate Judge held that the evidence provides "little support for any contemporary opinion in the

absence of more recent, consistent evidence" and, thus, it is insufficient to show that the ALJ's decision was not supported by substantial evidence. (*Id.*)

This Court agrees with the Magistrate Judge's conclusion and finds that the evidence to which Plaintiff cites does not undermine the ALJ's conclusion so as to make it unsupported by substantial evidence. As such, Plaintiff's first objection is overruled.

### Objection Two

Plaintiff's second specific objection relates to his earning record. (Doc. 16, p. 3). He contends that the evidence of his past earning record from 1997 through 2008 is consistent with the opinions of treating physicians Dr. Cresci and Dr. Privitera that he was unable to maintain full-time employment due to his alleged impairments. (*Id.*) As recognized by the Magistrate Judge (Doc. 14, pp. 8-15), the ALJ assigned "little weight" to the opinions of Dr. Cresci and Dr. Privitera after considering multiple factors. Specifically, as to Dr. Cresci, the ALJ determined that his opinion was not supported by objective evidence, was unsubstantiated by treatment notes, largely appeared based on Plaintiff's subjective complaints, and was rendered after only seeing Plaintiff "episodically" since 1993. (Tr. 23-24). Similarly, as to Dr. Privitera, the ALJ assigned his opinion "little weight" based on a lack of objective findings supporting the opinion, the infrequency of his treatment of Plaintiff, and the inconsistency of his opinion with his own treatment notes. (Tr. 23, 321-22). Plaintiff's earning records do not undermine the ALJ's determinations. The earning records are not medical or clinical evidence of an impairment or disability, and they do little to address the ALJ's concerns as to infrequent or episodic treatment by the physicians or the internal inconsistencies between the opinions and treatment notes. The earning records also generally provide inconclusive

6

Case: 1:11-cv-00828-MRB-KLL Doc #: 17 Filed: 03/15/13 Page: 7 of 9 PAGEID #: 745

evidence as to Plaintiff's ability to work. While the earning records may reflect his lack of earnings received over an extended period of time, they give no indication as to what external factors may have affected his earnings or earnings potential. However, even giving the earning records of Plaintiff due consideration and recognizing that they arguably could show that the opinions of Dr. Cresci and Dr. Privitera were consistent with some record evidence, the Court still must uphold the ALJ's decision as supported by substantial evidence because the totality of the record evidence reasonably supports the ALJ's determination. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). Accordingly, the Court overrules Plaintiff's second objection.

### Objection Three

The Court now turns to Plaintiff's third specific objection that there is an inconsistency between Dr. Chiappone's conclusion that Plaintiff was not impaired, or was mildly impaired, with respect to certain abilities and Dr. Chiappone's mental examination findings. (Doc. 16, p. 3). Specifically, Plaintiff contends that while Dr. Chiappone determined that Plaintiff had a mild impairment, his mental examination notes indicate that Plaintiff could remember 0 out of 3 objects with a 5-minute delay. (*Id.*) Plaintiff contends that this evidence suggests more than a mild impairment in "remembering even simple one and two-step tasks to an extent which would permit Mr. Williamson to carry out and persist in the tasks over time." (*Id.*) (citing Tr. 249-50). He appears to argue that this evidence undermines the ALJ's assignment of weight to his opinion to such an extent to make it unsupported by substantial evidence. (*Id.*)

7

In this regard, Dr. Chiappone's observation was the following: "In the mental status exam, Mr. Williamson remembered 2 of 3 objects with interference and 0 or 3 objects with 5-minute delay.  He was able to complete a serial 3 addition task.  He remembered 5 digits forward and 4 backward. . . ."  (Tr. 249).  Among other things, Dr. Chiappone also observed that Plaintiff was "oriented in all spheres[,]" "knew his birthdate, age and Social Security number[,]" his "concentration and attention were adequate and memories were slightly reduced[,]" and he "correctly identified the current and immediate past presidents[.]"  (Tr., 249).  Overall, Dr. Chiappone concluded that Plaintiff "is not impaired in his ability to understand simple one and two-step job instructions.  At most he is mildly impaired in his ability to remember such.  He remembered 0 of 3 objects over 5 minutes.  He is not impaired in his ability to maintain concentration and attention. . . He is not impaired in his ability to carry out and persist over time."  (Tr. 250) (emphasis added).  Having reviewed the observations and conclusions of Dr. Chiappone, the Court does not find that they are necessarily inconsistent.  While 0 out of 3 on one particular test could suggest more than a mild impairment, there also is evidence that Plaintiff remembered 5 digits forward and 4 backward on another task and was able to remember other personal and historical information, which may have been taken into account in rendering an opinion as to the severity of Plaintiff's impairment with regarding to memory.  (*See* Tr. 249).  Moreover, some difficulty remembering instructions would not necessarily prevent Plaintiff from carrying out and persisting over time on those tasks, given that he understands the tasks but may not be able to remember the assigned instructions off the top of his head without writing them down.  At best, there is evidence in the record that supports both

the ALJ's conclusion and the conclusion that Plaintiff would like to reach.  However, where the decision is supported by substantial evidence, even if the Court would decide the case differently and even if the Plaintiff's position also is supported by substantial evidence, the Commissioner's decision must be affirmed.  *Blakley*, 581 F.3d at 406.  Accordingly, the Court overrules Plaintiff's third objection.

### III.     CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections (Doc. 16) and **ADOPTS** the Report (Doc. 14) in its entirety.  Accordingly, the Commissioner's decision is **AFFIRMED** and this matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                             s/ Michael R. Barrett
                                             Michael R. Barrett, Judge
                                             United States District Court